UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN RAULERSON,**

    Plaintiff,

v.                                Case No. 8:25-cv-00407-WFJ-AAS

**AMERICAN STRATEGIC
INSURANCE CORP.,**

    Defendant.
_____/

## ORDER

Before the Court is Defendant American Strategic Insurance Corporation's ("ASIC") Motion to Dismiss the Complaint. Dkt. 8. Plaintiff Brian Raulerson has responded in opposition. Dkt. 20. Upon careful consideration, the Court grants Defendant's motion to dismiss without prejudice.

## BACKGROUND

This case concerns Defendant ASIC's partial denial of Plaintiff Raulerson's insurance claim following Hurricane Idalia. Plaintiff owns the property at 405 73rd St., Holmes Beach, Florida (the "Property"). Dkt. 1-2 ¶ 8. ASIC insured the Property under a Standard Flood Insurance Policy ("SFIP" or the "Policy") bearing policy number 000FLD9070. *Id.* ¶ 6. ASIC is a Write-Your-Own ("WYO") insurance carrier and issued the Policy pursuant to the National Flood Insurance Program

("NFIP"). Dkt. 1 ¶ 12. The Federal Emergency Management Agency ("FEMA") administers the NFIP under the National Flood Insurance Act, 42 U.S.C. §4001 *et seq*. ("NFIA"). Dkt. 8-3 at 3. Under the Policy, ASIC/FEMA agreed to pay Plaintiff "for direct physical loss by or from flood to your insured property" under certain conditions, one of which was that Plaintiff "[c]omply with all terms and conditions" of the Policy. *Id.*

On or about August 30, 2023, the Property sustained damage from Hurricane Idalia's flood waters (the "Loss"). Dkt. 1-2 ¶ 10. Plaintiff made a claim for payment under the Policy for damages sustained due to the Loss, to which ASIC assigned claim number 22414-231501. *Id.* ¶ 11.

On September 28, 2023, ASIC sent a partial denial letter to Plaintiff, offering a $6,776.90 payment under "**Coverage A-Building** of your Standard Flood Insurance Policy," but denying coverage for property "in the lower enclosure or attached garage, including but not limited to interior doors, garage doors, trim moldings, flooring and painting[,]" and "pool/pool equipment." Dkt. 8-4 at 1–3 (emphasis in original); Dkt. 1-2 ¶ 12. ASIC also enclosed a check for $6,776.90 in the partial denial letter. Dkt. 8-4 at 7. The correspondence informed Plaintiff, "You may request additional payments by submitting a Proof of Loss within one year following the date of loss. We will help you complete and submit a Proof of Loss if you believe you are owed more under your flood insurance policy." *Id.* at 1.

Importantly, the September 2023 letter included a FEMA "Policyholder Rights" page that advised Plaintiff of his rights, including a right to appeal the insurer's decision and "file suit against your insurer as long as you are *still within the one-year timeframe* available to file suit[.]" *Id.* at 5 (emphasis added).

On February 9, 2024, Plaintiff's legal representative emailed ASIC, attaching a sworn proof of loss and an estimate of the repairs needed to place the Property back to its pre-loss condition. Dkt. 20 at 3. In response, on March 8, 2024, ASIC sent a correspondence rejecting the sworn proof of loss and denying coverage for additional areas such as electrical outlets and wiring, the HVAC system, the swimming pool area, artificial grass, and the driveway. *Id.* As a result of ASIC's failure to provide additional payment for the Loss, Plaintiff filed a one count breach-of-insurance-contract claim on January 17, 2025, in state court. Dkt. 1-2.

ASIC moves to dismiss the sole breach of contract count under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. ASIC's motion makes one argument: Plaintiff's lawsuit was not filed within one year of ASIC's partial denial of her claim on September 28, 2023, and is therefore barred by the applicable statute of limitations. Dkt. 8 at 8.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court considers only the four corners of the complaint and the exhibits attached to the complaint in a motion to dismiss. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). However, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024).

## DISCUSSION

Based on a careful review of the pleadings, the Court grants Defendant's motion to dismiss. As discussed below, Plaintiff's breach of contract claim is time-barred and must be dismissed.

As an initial matter, Plaintiff contends this Court cannot consider the affidavit of Francois Jean Baptiste and other attached exhibits supporting the motion to

dismiss. Dkt. 20 at 5. The Court disagrees. The Property's "Dwelling Policy Form" (Dkt. 8-2), the SFIP (Dkt. 8-3), and ASIC's September 2023 denial letter (Dkt. 8-4) all squarely fall within the incorporation-by-reference doctrine. The incorporation-by-reference doctrine has two requirements: "the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson*, 107 F.4th at 1300.

Here, the SFIP between ASIC and Plaintiff is undoubtedly central to Count One because Plaintiff is bringing a breach of (insurance) contract claim against ASIC. *See* Dkt 1-2 at 3. ASIC's September 2023 partial denial letter is also referenced in the Complaint and intertwined with Plaintiff's breach of contract claim. *Id.* ¶ 12. As for the authenticity of the exhibits, Plaintiff neither contests nor challenges their validity in his response to the motion to dismiss. *See* Dkt. 20 at 5. As such, with the exception of Mr. Baptiste's affidavit (Dkt. 8-1), the Court will consider Defendant's attached documents when resolving the instant motion to dismiss. *See Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *1 (M.D. Fla. Feb. 13, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim); *4922 Mgmt. LLC v. Selective Ins. Co. of the Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (same).

### I. Timeliness of Instant Action

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, Section 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or **upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated**, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added); *see also* 44 C.F.R. § 62.22(a). A similar one-year limitation period appears in Part VII.O of the SFIP: "**If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss**." Dkt. 8-3 at 24 (emphasis in original).

Defendant issued its partial denial letter on September 28, 2023. Plaintiffs filed suit on January 17, 2025, so it is seemingly three months and twenty days too late. However, Plaintiff argues that the September 2023 letter did not constitute a

6

notice of disallowance or partial disallowance that would trigger the limitations period. Dkt. 20 at 5. Instead, Plaintiff contends the one-year limitations period only began to run when ASIC denied Plaintiff's sworn proof of loss on March 8, 2024. *Id.* at 6. The Court disagrees.

While the Eleventh Circuit has not ruled on this issue, district courts in the Middle District of Florida have unanimously agreed that a denial letter is a proper disallowance that triggers the one-year limitation period, not the denial of a claimant's sworn proof of loss. *See Lynda M. Mercer & Howard C. Mercer v. American Bankers Insurance Company of Florida*, No. 2:24-CV-882-JES-NPM, 2025 WL 1018390, at *5 (M.D. Fla. Apr. 4, 2025); *Andrea Martini & Roland Schiffmartini v. American Bankers Insurance Company Of Florida*, No. 2:24-CV-904-JES-KCD, 2025 WL 1018394, at *4 (M.D. Fla. Apr. 4, 2025); *Price*, 2025 WL 487627, at *2; *Caruso v. First Protective Ins. Co.*, No. 2:24-CV-615-SPC-KCD, 2025 WL 448953, at *2 (M.D. Fla. Feb. 10, 2025); *4922 Mgmt.*, 2025 WL 417701, at *2; *Hawk v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *7 (M.D. Fla. Jan. 29, 2025).

Importantly, only one court in the Eleventh Circuit has required a sworn proof of loss to be denied before the statute of limitations is triggered. *See W. End Harbor Condo. Ass'n, Inc. v. Wright Nat'l Flood Ins. Co.*, No. 5:20CV303-TKW-MJF, 2022 WL 18936050 (N.D. Fla. July 18, 2022). However, the Court in *W. End Harbor*

7

heavily relied on *Qader v. Fed. Emergency Mgmt. Agency*, 543 F. Supp. 2d 558, 559 (E.D. La. 2008) to make such a finding. 2022 WL 18936050 at *4. Several district courts have already pointed out that the Fifth Circuit now disapproves of *Qader*'s rationale following the decision in *McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022). *See 4922 Mgmt.*, 2025 WL 417701, at *3–4 (declining to follow *W. End Harbor* and *Qader* following *McInnis*); *Hawk*, 2025 WL 326668, at *7 n.6 (declining to follow *W. End Harbor* following *McInnis*); *Hebert v. Am. Bankers Ins. of Fla.*, No. CV 23-5514, 2024 WL 3226109, at *4 (E.D. La. June 28, 2024) (rejecting sworn proof of loss argument post-*McInnis* and distinguishing *Qader*).

Following other courts in the Middle District of Florida, this Court rejects Plaintiff's argument that denying the sworn proof of loss is the correct trigger for the one-year limitations period. The September 2023 letter was a proper disallowance that put Plaintiff on notice of the one-year limitation. Indeed, the partial denial letter unambiguously stated that ASIC was denying coverage for property in "the lower enclosure or attached garage" and "pool/pool equipment," and advised Plaintiff of his rights, including to file a federal lawsuit within a year of the partial disallowance. Dkt. 8-4 at 1–3, 5. Plaintiff's subsequent sworn proof of loss (and denial by ASIC in March 2024) did not change the date of the first disallowance. *See McInnis*, 2022 WL 4594609, at *2–3 (rejecting claimant's argument that the subsequent rejection

of a proof of loss extended the statutory clock); *Hawk*, 2025 WL 326668, at *5–7 (rejecting the plaintiff's argument that a denial letter "did not trigger the one-year period because she had not yet submitted a proof of loss making any request of Hartford"); *4922 Mgmt.*, 2025 WL 417701, at *3 ("Defendant's denial letter did not need to be based on a proof of loss to trigger the one-year limitation period."); *Price*, 2025 WL 487627, at *3 (rejecting the plaintiff's argument that a denial letter "was not a proper disallowance to trigger the one-year limitation period because it was not based on a sworn proof of loss"). Because ASIC denied Plaintiffs' claim on September 28, 2023, Plaintiff's subsequent sworn proof of loss does not save his case from being time-barred under 42 U.S.C. § 4072.

Next, Plaintiff argues that ASIC failed to comply with the requirements in FEMA's Bulletin W-17013a and the NFIP Claims Manual. Dkt. 20 at 9. Specifically, Bulletin W-17013a and the NFIP Claims Manual require that "the denial letters must include the date the policyholder submitted a request for payment and the specific items denied and the amounts denied." *Id.* As such, ASIC's September 2023 denial letter fails to trigger the one-year limitations period because it was allegedly deficient under the bulletin and claims manual. *Id.* at 10. The Court disagrees.

Plaintiff's response does not cite any case law to support his position. Rather, Plaintiff summarily states that failing to follow the bulletin and claims manual means the one-year limitations period is not triggered. But 42 U.S.C. § 4072 only requires

9

a disallowance or a partial disallowance of a claim. And, as discussed previously, the September 2023 letter explicitly achieved this purpose by informing Plaintiff that part of his claim had been denied. Dkt. 8-4 at 1; *see 4922 Mgmt.*, 2025 WL 417701, at *2; *Hawk*, 2025 WL 326668, at *7; *see also McInnis*, 2022 WL 4594609, at *3 ("[T]he November 2016 letter here plainly put McInnis on notice that a part of her claim had been disallowed."). Put simply, even if ASIC's September 2023 denial letter failed to comply with the bulletin or the claims manual, "it does not mean it was deficient under § 4072." *Caruso*, 2025 WL 448953, at *3 ("The problem with Plaintiffs' position is its lack of support. They cite no authority suggesting a failure to comply with FEMA Bulletin W-17013a or the NFIP Claims Manual renders a denial letter insufficient to trigger § 4072's one-year limitation period—and the Court can find none.").

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant ASIC's Motion to Dismiss, Dkt. 8, is **GRANTED**.

2. Plaintiff Raulerson's Complaint, Dkt. 1-2, is **DISMISSED without prejudice as time-barred.**

3. Plaintiff may file an amended complaint within 21 days from the date of this Order; however, the Court is doubtful any amended complaint will succeed without further guidance from the Eleventh Circuit.

**DONE AND ORDERED** at Tampa, Florida, on April 17, 2025.

>  */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record